UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────

UNITED STATES OF AMERICA

                                        No. 1:03-CR-00298 (FJS)
v.

PETER TAYLOR,

                              Defendant.

─────────────────────────────────────────

CARL EURENIUS, Ass't U.S. Att'y, for the United States
DANA VAN HEE, Esq., for Defendant

**THÉRÈSE WILEY DANCKS**, U.S. MAGISTRATE JUDGE

### REPORT-RECOMMENDATION

Defendant Peter Taylor has challenged proposed modifications of the conditions of his supervised release, following his recent release from custody.  On April 21, 2017, Senior District Judge Frederick J. Scullin, Jr. referred the matter to me, to issue a Report-Recommendation as to whether the modifications should be imposed.  (Dkt. No. 112.)  On May 1, 2017, I conducted a hearing so that defendant, with the assistance of appointed counsel, could be heard with respect to his objections to the proposed modifications and could present any information in mitigation, pursuant to Fed. R. Crim. P. 32.1(c)(1).  Based on the record in this case and the information presented during the hearing, and for the reasons stated below, this Court recommends that Judge Scullin impose the proposed modifications of the defendant's conditions of supervised release notwithstanding his objections.

**I.  BACKGROUND**

According to the Presentence Investigation Report, the defendant was a involved in the

distribution of multi-gram quantities of cocaine and crack cocaine near Hudson, New York

between and including December 2002 and April 2003.  On August 9, 2005, defendant pled

guilty to a felony narcotics distribution of crack cocaine and possession of a firearm in

furtherance of drug trafficking.  On July 5, 2006, Judge Scullin sentenced defendant to 180

months of imprisonment and eight years of supervised release.  Defendant's supervised release

term started on March 8, 2017.  On March 13 and April 4, 2017, Senior Probation Officer Mark

A. Walker reviewed with the defendant the following additions to the conditions of his

supervised release:

> 1.      You shall participate in a mental health program which
> may include medical, psychological, or psychiatric evaluation and
> outpatient treatment as recommended by the treatment provider
> based upon your risk and needs.  You may also be required to
> participate in inpatient treatment upon recommendation of the
> treatment provider and upon approval of the Court.  The probation
> office shall approve the location, frequency, and duration of
> outpatient treatment.  You must abide by the rules of the program
> which may include a medication regime.  You shall contribute to
> the cost of any evaluation and/or treatment in an amount to be
> determined by the probation officer based on your ability to pay
> and the availability of third party payments.
>
> 2.      You shall submit your person, and any property, house,
> residence, vehicle, papers, effects, computer, electronic
> communications devices, and any data storage devices or media, to
> search at any time, with or without a warrant, by any federal
> probation officer, or any other law enforcement officer from whom
> the Probation Office has requested assistance, with reasonable
> suspicion concerning a violation of a condition of probation or
> supervised release or unlawful conduct by you. Any items seized
> may be removed to the Probation Office or to the office of their
> designee for a more thorough examination.
>
> 3.      You shall participate in a program for substance abuse
> which shall include testing for use of controlled substances,

controlled substance analogues, and alcohol. This may include outpatient treatment recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office shall approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of the program which may include a medication regime. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

The defendant declined to consent to the proposed modifications and invoked his right to a hearing.

## II.    GENERALLY APPLICABLE LAW

"A court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release' after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a)." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (citing 18 U.S.C. § 3583(e)(2)). "So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *Id*. (collecting cases). A defendant objecting to a modification of the conditions of his supervised release that are not favorable to him is entitled to a hearing, with the assistance of counsel. *Id*. at 349; Fed. R. Civ. P. 32.1(c).

A court may impose new, discretionary conditions of supervised release in addition to the usual general conditions, so long as they are "reasonably related" to:

(A) 'the nature and circumstances of the offense and the history and characteristics of the defendant'; (B) 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant.

3

*Parisi*, 821 F.3d at 348 (citing, *inter alia*, U.S. Sentencing Guidelines Manual § 5D1.3(b)). The condition "must also involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the Guidelines." *Id*. (citing, *inter alia*, 18 U.S.C. § 3583(d)).

## III.  ANALYSIS

### A.  Conditions to Participate in Mental Health and Substance Abuse Programs

The defendant's original special conditions of supervision require him to participate in a mental health program and a substance abuse program already. The proposed new conditions simply describe those conditions in more detail than originally set forth in the original special conditions and do not add any additional deprivations of a liberty interest. The Presentence Investigation Report ("PSIR") documents that the defendant had a criminal history related to drug trafficking, which included one felony conviction for attempted criminal sale of a controlled substance.

Here, the updated conditions regarding mental health treatment and substance abuse treatment are reasonably related to the defendant's individual circumstances, serves the goals of deterrence and protection of the public, and are narrowly tailored to avoid an undue deprivation of liberty, and provide for the rehabilitative and medical care needs of the defendant. Accordingly, the Court recommends that Judge Scullin impose these revised additional conditions of supervised release over defendant's objection.

### B.  Search Condition

While between the ages of 15 and 22, the defendant was convicted of two felony offenses including the Attempted Sale of a Criminal Substance referenced above and Robbery 2nd. He was also convicted of a misdemeanor involving a violent fight. He was arrested four additional

times for drug possession and fraud. This criminal history indicates defendant's inability or unwillingness to refrain from illegal involvement with drug use and violent behavior, except perhaps while incarcerated, notwithstanding intervention of the criminal justice system. A discretionary condition authorizing Probation to search defendant's person, property, or electronic devices, upon reasonable suspicion, is clearly related to the defendant's criminal and personal history and serves the goal of deterring his involvement in further drug offenses and protecting the public from drug trafficking activity or violent activity. The requirement that any search be justified by reasonable suspicion ensures that the condition does not create a deprivation of liberty greater than required to serve legitimate sentencing purposes. "Courts have repeatedly held that enforcing the conditions of probation or supervised release is a weighty government interest that in certain circumstances justifies an exception to the warrant and probable cause requirements." *United States v. Chandler*, 164 F. Supp. 3d 368, 377-78 (E.D.N.Y. 2016) (citing *Griffin v. Wisconsin*, 483 U.S. 868, 873-74, 877-78 (1987) (balancing the state's special needs in the operation of its probation system against a probationer's diminished right to privacy, the Court found that the "replacement of the standard of probable cause by 'reasonable grounds,'" in Wisconsin's probation search regulations, was justified); *United States v. Knights*, 534 U.S. 112, 118-120, 122 (2001) ("the warrantless search of [the defendant], supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment"); *United States v. Reyes*, 283 F.3d 446, 462 (2d Cir. 2002) ("[t]he probable cause requirements of the Fourth Amendment do not apply to a federal probation officer conducting a home visit . . . pursuant to a convicted offender's conditions of supervised release")). Thus, it is clear that the proposed search condition in this case does not violate the defendant's Fourth Amendment rights.

The Second Circuit has explicitly approved the modification of conditions of supervised release to include the same search condition proposed in this case in the context of sex offenders. *United States v. Parisi*, 821 F.3d at 346, 348-49; *United States v. Zielinski*, 511 F. App'x 112, 116 (2d Cir. 2013). Our Circuit has also approved similar search conditions involving other types of federal offenses. *See, e.g.*, *United States v. White*, 571 F. App'x 20, 25 (2d Cir. 2014) (approving, over the objection of a defendant convicted of fraud charges, a condition that she submit to searches based on reasonable suspicion). While this court has not found cases from this Circuit approving, over a defendant's objection, this search condition in the context of a narcotics offender, many cases indicate that such search conditions are frequently imposed in drug cases without objection or with a defendant's consent. *See, e.g.*, *United States v. Brown*, 402 F.3d at 136; *United States v. Chandler*, 164 F. Supp. 3d at 372; *United States v. Muhammad*, 903 F. Supp. 2d 132, 135 (E.D.N.Y. 2012); *United States v. Washington*, No. 12 CR 146, 2012 WL 5438909, at *1 (S.D.N.Y. Nov. 7, 2012).

Courts in other circuits have, in the context of narcotics convictions, explicitly approved the imposition of search conditions similar to the one proposed here. *See, e.g.*, *United States v. Johnson*, 542 F. App'x 516, 519-21 (7th Cir. 2013) ("the district court had a reasonable basis for concluding that a search condition is necessary to deter Johnson and protect the public" given, *inter alia*, his "long history of drug-related crimes")[1]; *United States v. Purdom*, 594 F. App'x 83,

---

[1] The defendant in *Johnson* objected particularly to the aspect of the supervised release condition that allowed the search of his electronic devices–a provision included in the proposed search condition in this case. In rejecting that objection, the Seventh Circuit noted that the condition was limited to searches based on reasonable suspicion. The Court also observed: "[I]t is easy to envision a relationship between electronic devices and Johnson's offenses and violations, even without evidence that Johnson used electronic devices to commit them. Johnson, for example, had to obtain and sell the drugs he possessed and distributed. Those activities required him to communicate in some manner with suppliers and customers, and electronic devices likely were used." *Id*. at 520.

86-87 (3d Cir. 2014) ("Based on the District Court's evident and understandable concern that *Purdom* would once again begin selling drugs while on supervised release, the search condition satisfies the 'reasonably related' requirement"); *United States v. Winston*, 850 F.3d 377, 378-89, 380-81 (8th Cir. 2017) (district court did not commit plain error in finding that the search condition imposed on a narcotics offender was reasonably related to his offenses and criminal history, did not involve a greater deprivation of liberty than necessary, and did not conflict with any pertinent policy statements).[2]  Based on this authority from the Second Circuit and other Circuits, the court recommends that Judge Scullin impose the search condition proposed in this case notwithstanding defendant's objection.

Of note, the court and parties were provided with a letter dated April 28, 2017, authored by Senior Probation Officer Walker prior to the hearing.  Defendant disputed the information set forth in that letter concerning defendant's alleged recent conduct.  To be clear, the information was not considered by the court in reaching this recommendation.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the conditions of defendant's supervised release be modified to add the three following conditions:

      1.     You shall participate in a mental health program which

---

[2]  *Winston* is one of several cases the court reviewed which rejected the argument that warrantless search conditions were appropriate only in the context of sex offenses because § 5D1.3(d)(7)(C) of the U.S. Sentencing Guidelines explicitly recommends a reasonable-suspicion search condition for sex offenders on supervised release. *Id.* at 380; *United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016) ("[W]hile the Sentencing Commission recommends that persons convicted of sex offenses against minors always be subject to a special condition permitting warrantless searches, . . ., the Commission has also said that the same condition 'may otherwise be appropriate in particular cases.'") (quoting U.S.S.G. § 5D1.3(d)); *United States v. Fornes*, 665 F. App'x 615, 616-17 (9th Cir. 2016) (defendant "mischaracterizes the Sentencing Commission's policy statement as implying that suspicionless search conditions should only be imposed on sex offenders").

may include medical, psychological, or psychiatric evaluation and outpatient treatment as recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office shall approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of the program which may include a medication regime. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

2.      You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

3.      You shall participate in a program for substance abuse which shall include testing for use of controlled substances, controlled substance analogues, and alcohol. This may include outpatient treatment recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office shall approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of the program which may include a medication regime. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human -Servs.*, 892 F.2d 15 (2d Cir.

1989)); 28 U.S.C. § 636(b)(1).


Dated:  May 3, 2017
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge