**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

                  v.                                      **1:03-CR-298**
                                                            **(FJS)**

**PETER TAYLOR,**

                 **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, New York 12207-2904<br>Attorneys for the United States | **PAUL D. SILVER, AUSA** |
| **LAW OFFICE OF H. DANA VANHEE PLLC**<br>120 East Washington Street<br>Suite 721<br>Syracuse, New York 13202<br>Attorneys for Defendant | **H. DANA VANHEE, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

      Defendant challenged proposed modifications to the conditions of his supervised release following his recent release from custody. The Court referred this issue to Magistrate Judge Dancks for a report-recommendation. *See* Dkt. No. 112. On May 1, 2017, Magistrate Judge Dancks held a hearing so that Defendant, with assistance of appointed counsel, could be heard with regard to his objections to the proposed modifications and could present any information in mitigation pursuant to Rule 32.1(c)(1) of the Federal Rules of Criminal Procedure.

On May 3, 2017, Magistrate Judge Dancks issued a Report-Recommendation, in which she recommended that the Court impose the modifications at issue despite Defendant's objections thereto. *See generally* Dkt. No. 115.

On May 11, 2017, Defendant's counsel filed a response to those recommendations, in which counsel stated that, after sharing the report-recommendation with Defendant and discussing his options with him, Defendant advised counsel that "he did not wish to object to the Report-Recommendation and [would] abide by Judge Scullin's order relative to the terms and conditions of his supervised release." *See* Dkt. No. 116 at 1.

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Dancks' May 3, 2017 Report-Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 3, 2017 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the conditions of Defendant's supervised release are modified to add the three following conditions:

> 1. You shall participate in a mental health program which may include medical, psychological, or psychiatric evaluation and outpatient treatment as recommended by the treatment provider based

upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office shall approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of the program which may include a medication regime. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

2. You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

3. You shall participate in a program for substance abuse which shall include testing for use of controlled substances, controlled substance analogues, and alcohol. This may include outpatient treatment recommended by the treatment provider based upon your risk and needs. You may also be required to participate in inpatient treatment upon recommendation of the treatment provider and upon approval of the Court. The probation office shall approve the location, frequency, and duration of outpatient treatment. You must abide by the rules of the program which may include a medication regime. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

**IT IS SO ORDERED.**

Dated: May 12, 2017
     Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge